## RECOVERY FOR WRONGFUL DEATH OF A MARKET WOMAN.

Circuit Court of Hamilton County.

CINCINNATI TRACTION CO. v. FRED KETTLER, ADMINISTRATOR
OF LOUISA RECHMANN.

Decided, December 19, 1908.

*Bill of Exceptions—Failure to Attach Letters of Administration—Negligence Where Electric Car Struck Market Wagon—Improper Manner of Introducing Evidence—Damages for Wrongful Death.*

1. Failure to attach letters of administration to a bill of exceptions does not render the bill incomplete, where the administrator testified as to his appointment and to his acting as administrator, and no objection was taken thereto.

2. Statements by counsel without objection, as to facts contained in a pamphlet not offered in evidence, is not the proper way to introduce evidence, but in this case was not prejudicial.

3. For the wrongful death of a widow fifty-seven years of age, engaged in market gardening, whose income with the aid of two sons and one daughter amounted to only $500 a year, a judgment of $2,000 is liberal compensation to the children for their loss.

*Joseph Wilby,* for plaintiff in error.
*Hoffman, Bode & LeBlond,* contra.

A Colerain avenue car, descending a grade in Cincinnati came up behind a truck wagon which was being driven by the decedent. The wagon was shoved along for 100 feet or more, when the intestate was thrown off and killed. Her administrator recovered a judgment below for $3,000.

SWING, P. J.; GIFFEN, J., and SMITH, J., concur.

We think the bill of exceptions contains all the evidence offered by the parties on the trial of the case. It is true that the letters of administration were offered in evidence and are not attached, but the witness testified that he was appointed administrator by the probate court and was there acting as such, and no exception was taken to the competency of this evidence, and it is further shown that the letters introduced added nothing to what had been shown, and that in fact the letters of administration showed the appointment of Kettler by the probate court.

As to the omission to attach the almanac to the bill, it does not appear to have been introduced, but without objection counsel was permitted to state what it contained as to a particular matter. This was not a proper way to introduce evidence, but it was done and is not prejudicial.

The jury had a right to conclude from the evidence that Mrs. Rechmann was driving her wagon on the morning in question on the track of the company in the street of the city; that the car of the company approached the wagon from the rear; that the wagon was in plain view of the motorman when he was more than two hundred feet away; that he did not sound his gong, nor slacken his speed until the car struck the wagon and killed Mrs. Rechmann, and that there was nothing to show that he could not have sounded his gong or stopped his car so as to have avoided the injury; that the collision was caused by the company, to which Mrs. Rechmann did not contribute.

The verdict was for $3,000. Mrs. Rechmann was 57 years old at the time of the killing. She was a market gardener and stood in Sixth street market. She had raised a family and her husband had died some three years before. The estate inven-

toried some $6,500. It was in evidence that with the help of two sons and one daughter she had made about $500 per year, the sons doing the garden work, the daughter the household work and she managing the garden and marketing the product. It seems to us that the judgment is excessive; her earning power was not great; it must soon cease altogether, and instead of supporting her children they would before long have to support her. We think $2,000 would be a most liberal estimate to be placed on the pecuniary loss to the children, and a remittitur should be made to this extent.

## JURISDICTION OF POLICE JUSTICES.